UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

**GURPREET KAUR,**                    Case No. 9:25-cv-00726-AMN
    Petitioner,

v.

**Captain Joel Desso, Jail Administrator,**
**Clinton County Correctional Facility;**
**REYNALDO CASTRO, Acting Director**
**of the Buffalo Field Office,**
**U.S. Immigration and Customs Enforcement;**
**KRISTI NOEM, Secretary of the U.S. Department**
**of Homeland Security; and**
**PAM BONDI, Attorney General of the United States,**
in their official capacities,
    Respondents.

**Response to Order to Show Cause Why Sanctions Should Not Be Imposed**

**TO THE HONORABLE ANNE M. NARDACCI, UNITED STATES DISTRICT JUDGE:**

    Comes now Attorney Dennis F. Desmarais, counsel for Petitioner Gurpreet Kaur, and respectfully submits this response to the Court's Text Order dated June 24, 2025, regarding why sanctions should not be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**I. ACKNOWLEDGMENT AND SUMMARY OF IMPROPER CONDUCT**

    Counsel respectfully and apologetically acknowledges that he used artificial intelligence software in drafting portions of a submission to this Court, and that said submission contained machine fabricated legal quotations. Counsel further acknowledges that this conduct constitutes a violation of Rule 11(b)(2) and (b)(3) of the Federal Rules of Civil Procedure Under Fed. R. Civ. P. Rule 11(b)(2), an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and

other legal contentions [in a written motion] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." . Counsel failed to conduct the reasonable inquiry required by Rule 11 to verify the accuracy and truthfulness of all the filing he submitted over his signature as is required by the rule.

## II. FACTUAL BACKGROUND AND EXPLANATION

### A. Circumstances of AI Use

In preparing the submission at issue, counsel utilized a generative AI tool (Claude Sonnet 4) to assist with research and drafting for reasons which were not malign, but which did not show good judgment and sufficient awareness of the requirements of F.R.C.P 11.

Counsel is a sole practitioner and had not practiced in a federal court for several decades. Counsel was anxious about his ability to "measure up" while stepping up to the more competitive arena of the federal district court. On Saturday, June 14, 2025, counsel visited an urgent care facility for a respiratory infection.

This condition has not resolved itself to date and counsel lost three days of work time approaching the final filing date in this matter due to that illness.[1] As the submission date approached, counsel was still feeling poorly enough to consider filing an emergency motion for an extension of time but suspected this Court would look with disfavor on such a request, not least because counsel had and began initiated this case as a request for *habeas corpus*.

As the filing date for a responsive pleading approached, counsel did not perform his duty of vetting the document he filed with the court and if still feeling poorly, could have enlisted

---

[1] Counsel is 67 years old and a veteran of four coronary stents and two heart attacks. Therefore, common infections tend to have a more serious impact on him. This information is not presented as an excuse for bad conduct, but as contextual information.

another person to help with checking his filing in detail – although that would not have relieved counsel from his ultimate responsibility under the Rule. Counsel's violation of Rule 11 is grave but grew out of a serial train of poor choices to ensure the quality of his work product and not evil or deceptive intent.

Counsel would have been wise to have procured a human mentor attorney for his return to federal court, not in his home district. However, counsel, in view of the seemingly imminent deportation of his client did not consider his actions with sufficient care and judgment. Further, counsel could have asked opposing counsel his opinion on a motion for a brief continuance. Instead, counsel put his faith in software rather than drafting his own arguments as time became short and did not, in fact, perform a close check of the text submitted to the Court.

## B. Failure to Verify AI Output

Counsel acknowledges that he failed to independently verify the accuracy of the case citations and quotations generated by the AI tool before including them in the filing. This failure constitutes the reasonable inquiry violation under Rule 11(b). Counsel was aware at the time that AI tools are known to "hallucinate" or fabricate legal citations and quotations, yet counsel acted in this instance without safeguarding against such "hallucinations" as he rushed to make the filing deadline albeit bringing a damaged "product" before the Court.

## III. MITIGATING FACTORS

## A. Good Faith and Lack of Improper Purpose

Counsel used an AI tool with the intention to zealously represent Petitioner in what counsel believed to be a meritorious petition and a matter of life-changing significance for the petitioner, who is still facing deportation to her home country. At no time was the AI-generated content included for any improper purpose such as harassment, unnecessary delay, or to

needlessly increase litigation costs. Fed. R. Civ. P. 11(b)(1). Rather, counsel mistakenly thought he was achieving a greater grasp of the relevant law and producing more effective arguments on behalf of his client, at a time when counsel's physical energy – and apparently, professional judgment - was diminished.

Counsel let his anxiety about his client's welfare and his return to federal litigation override clear and thoughtful consideration of counsel's method and performance.[2]

**B. Isolated Incident and First-Time Use**

Unfortunately this violation of Rule 11 responsibilities deeply mars counsel's maiden voyage before this court and although an isolated incident of non-compliance with Rule 11, marks the only case counsel had had before this Court. Counsel has practiced before the state courts of Massachusetts for more than two decades without prior sanctions or findings of unethical behavior.

**C. Prompt Candor Upon Discovery**

When the false quotations were discovered and the matter addressed by the Court, counsel immediately disclosed the use of AI to the Court rather than attempting to conceal or minimize his error. Courts have consistently recognized such candor as a significant mitigating factor. *See, e.g., Wadsworth v. Walmart Inc.*, No. 23-cv-118, 2025 WL _____ (D. Wyo. Feb. 24, 2025) (noting that attorneys who are "honest and forthcoming about the use of AI" receive more lenient treatment).

**IV. IMMEDIATE REMEDIAL MEASURES UNDERTAKEN**

Upon recognizing the error, counsel has taken the following corrective actions:

1. **Immediate Withdrawal**: Counsel moved to withdraw the offending filing.

---

[2] Counsel deeply regrets his mistakes in this matter, in part because he has marred his record, which never before involved an inquiry under Rule 11 or its equivalent under state rules.

2. **Client Notification**: Counsel has informed the Petitioner's family of this situation and the potential for sanctions. Counsel is serving the Petitioner with the Court's Show Cause Order and will file proof of service.

3. **Firm Policies**: Counsel is returning to wholly traditional case by case personal examination of sources and phraseology in drafting in regard to all legal research and future filings,

4. **Continuing Education**: Counsel has enrolled in a CLE course specifically addressing the ethical use of AI in legal practice, consistent with recent guidance from the American Bar Association.

## V. NO PREJUDICE TO OPPOSING PARTIES

Upon information and belief, no party has claimed actual harm from the incorrect submission, although clearly, opposing counsel must have invested extra time trying to discover where the fake quotes derived from. Counsel has addressed an apology to the office of the United States Attorney for his error.

## VI. REQUEST FOR PROPORTIONATE SANCTIONS

**A. Recent Precedent Supports Minimal Sanctions for First-Time AI Violations**

Recent federal court decisions addressing similar AI-related Rule 11 violations have imposed modest sanctions on first-time offenders who demonstrate candor and take remedial action:

- *Benjamin v. Costco Wholesale Corp.*, No. 24-cv-7399 (E.D.N.Y. April 24, 2025) ($1,000 fine, but *pro hac vice* admission preserved for first-time offender who showed "candor, sincere regret" and enrolled in AI-related CLE)

- *Wadsworth v. Walmart Inc.*, No. 23-cv-118 (D. Wyo. Feb. 24, 2025) (attorneys who were "honest and forthcoming" and took remedial measures were spared heavier sanctions)

**B. Sanctions Should Be Limited to Deterrence**

Rule 11(c)(4) requires that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Given counsel's candor with the Court, and immediate remedial measures counsel suggests that minimal sanctions would adequately serve the deterrent purpose.

**C. Suggested Appropriate Sanctions**

Should the Court determine sanctions are warranted, counsel respectfully suggests:

1. A modest monetary fine ($500-$1,000), consistent with recent precedent for first-time AI violations where attorneys demonstrated candor.

2. Or as an alternative measure, counsel proposes a substantial period, 40 hours of *pro bono* representation contributing to immigration or other legal services.

3. An order requiring completion of 6 hours of CLE on AI ethics (which counsel has already begun).

4. No referral to disciplinary authorities given the isolated nature and immediate remedial action.

5. If presented with another case within this Court's catchment area counsel would undertake to enter the bar serving this Honorable Court only after completion of the normal application process, including disclosure of this violation.

**VIII. CONCLUSION**

Counsel respectfully submits that while his conduct violated Rule 11's reasonable inquiry standard, the totality of circumstances—including the lack of improper purpose, immediate candor, remedial measures, and first-time nature of the violation—warrant minimal sanctions focused on deterrence rather than punishment.

The violation resulted from rather than bad faith, and counsel has taken steps to prevent recurrence. Proportionate sanctions that recognize both the seriousness of Rule 11 compliance and counsel's good faith efforts to remedy the situation would best serve the interests of justice.

**WHEREFORE**, counsel most humbly and apologetically requests that this Honorable Court impose minimal sanctions commensurate with the circumstances, or alternatively, discharge the show cause order in light of the remedial measures undertaken and counsel's abject admission of his error, and consciousness of the same going forward.

Respectfully submitted,

**/s/ Dennis F. Desmarais**
Attorney for Petitioner Gurpreet Kaur
93 Mill Street, Suite 4
Springfield, MA 01108
BBO # 566456
dennisfdesmarais@gmail.com
413-439-5242

**DATED**: June 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF on June 27, 2025.

**/s/ Dennis F. Desmarais**
Dennis F. Desmarais

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

**GURPREET KAUR,**    Case No. 9:25-cv-00726-AMN
    Petitioner,

v.

**Captain Joel Desso, Jail Administrator,**
**Clinton County Correctional Facility;**
**REYNALDO CASTRO, Acting Director**
**of the Buffalo Field Office,**
**U.S. Immigration and Customs Enforcement;**
**KRISTI NOEM, Secretary of the U.S. Department**
**of Homeland Security; and**
**PAM BONDI, Attorney General of the United States,**
in their official capacities,
    Respondents.

**Response to Order to Show Cause Why Sanctions**
**Should Not Be Imposed**

### AFFIDAVIT OF DENNIS F. DESMARAIS IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE

I, Dennis F. Desmarais, being duly sworn, depose and state as follows:

### 1. PERSONAL AND PROFESSIONAL BACKGROUND

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts (BBO #566456) and am counsel of record for Petitioner Gurpreet Kaur in the above-captioned matter.

2. I have been practicing law for more than two decades, primarily in the state courts of Massachusetts, focusing on family law, child protection matters, and immigration law.

3. I am 67 years old and operate as a sole practitioner from my office at 93 Mill Street, Suite 4, Springfield, Massachusetts 01108.

4. I have significant health challenges, having suffered two heart attacks and undergone four coronary stent procedures. As a result, common infections tend to have a more serious impact on my health and recovery.

5. Prior to this case, I had not practiced in federal court for several decades, making this case my return to federal litigation after an extended absence.

6. Throughout my career in Massachusetts state courts, I have never been subject to sanctions under Rule 11 or its state equivalent, nor have I faced any findings of unethical behavior or disciplinary action.

## 2. CIRCUMSTANCES LEADING TO THE VIOLATION

7. This case represents my first appearance before the United States District Court for the Northern District of New York.

8. I was anxious about my ability to "measure up" while stepping into the more competitive arena of federal district court after such a long absence from federal practice.

9. On Saturday, June 14, 2025, I visited an urgent care facility for treatment of a respiratory infection.

10. This respiratory infection has not fully resolved to date and caused me to lose three days of work time as the filing deadline in this matter approached.

11. Due to my age and underlying cardiac conditions, this respiratory infection had a more severe impact on my health and energy levels.

12. As the submission deadline approached, I was still feeling poorly enough to consider filing an emergency motion for an extension of time.

13. However, I suspected this Court would look with disfavor on such a request, particularly because I had initiated this case as a request for habeas corpus relief for my client, so I pressed on.

14. My client, Gurpreet Kaur, was and remains facing imminent deportation to her home country, which I believed made this a matter of life-changing significance requiring urgent attention.

15. I fully acknowledge that any health troubles I may have had did not remove from me my professional responsibilities under the Federal Rules of Civil Procedure and the Local Rules of this District.

### 3. THE AI USE AND FAILURE TO VERIFY

15. As the filing date approached and while I was still recovering from illness, I made the poor decision to utilize a generative AI tool, specifically Claude Sonnet 4, to assist with research and drafting.

16. I was aware at the time that AI tools are known to "hallucinate" or fabricate legal citations and quotations.

17. Despite this knowledge, I failed to implement adequate safeguards against such hallucinations as I rushed to meet the filing deadline.

18. I did not perform my duty of thoroughly vetting the document I filed with the Court.

19. While I was feeling poorly, I could have enlisted another person to help with checking my filing in detail, though I understand this would not have relieved me of my ultimate responsibility under Rule 11.

20. My intention in using the AI tool was to zealously represent my client in what I believed to be a meritorious petition, mistakenly thinking I was achieving a better grasp of the relevant law and producing more effective arguments.

21. I let my anxiety about my client's welfare and my performance in federal litigation override clear and thoughtful consideration of my professional methods and performance standards.

## 4. DISCOVERY OF ERROR AND IMMEDIATE RESPONSE

22. When the false quotations were discovered and the matter was addressed by the Court resulting in its Show Cause Order dated June 24, 2025, I immediately disclosed my use of AI to the Court.

23. I did not attempt to conceal or minimize my error, choosing instead to be fully candid about my use of artificial intelligence.

24. I am moving to withdraw the offending filing upon learning of the Court's concerns.

25. I have addressed a written apology to the office of the United States Attorney for my error and any inconvenience it may have caused.

## 5. NOTIFICATION TO CLIENT AND FAMILY

26. I have informed Petitioner Gurpreet Kaur's family of this situation and the potential for sanctions against me.

27. I am serving the Petitioner with the Court's Show Cause Order and any ultimate order of sanction and will file proof of service with the Court.

28. I have explained to the client and her family that I believe this error does not affect the merits of her case and that I am committed to providing proper representation going forward.

**6. REMEDIAL MEASURES IMPLEMENTED**

29. Upon recognizing my error, I have taken the following immediate corrective actions:

    a. **Cessation of AI Use**: I am returning to wholly traditional, case-by-case personal examination of sources and phraseology in drafting regarding all legal research and future filings.

    b. **Continuing Education**: I have enrolled in a CLE course specifically addressing the ethical use of AI in legal practice, consistent with recent guidance from the American Bar Association.

    c. **Enhanced Verification Procedures**: I have committed to implementing rigorous verification procedures for all future filings to ensure accuracy of all citations and quotations, including purchasing a product to fully "Shephardize" all citations.

30. If I am allowed to practice before this Court again in the future, I would undertake to enter the bar serving this Honorable Court only after completion of the normal application process, including full disclosure of this Rule 11 violation.

**7. ACKNOWLEDGMENT OF RESPONSIBILITY**

31. I fully acknowledge that my conduct constitutes a serious violation of Rule 11(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

32. I failed to conduct the reasonable inquiry required by Rule 11 to verify the accuracy and truthfulness of the filing I submitted over my signature.

33. I understand that my violation of Rule 11 is serious and deeply mars what was intended to be my return to federal practice but mor importantly gives the Court pause for such a lapse.

34. I accept full responsibility for my actions and deeply regret my mistakes in this matter.

35. This violation grew out of a series of poor choices regarding the quality of my work product, not from evil or deceptive intent. Yet evidence of misjudgment is not an excuse but only a call for a revamped method of practice.

## 8. GOOD FAITH AND LACK OF IMPROPER PURPOSE

36. At no time was the AI-generated content included for any improper purpose such as harassment, unnecessary delay, or to needlessly increase litigation costs.

37. My use of the AI tool was motivated solely by a desire to provide zealous representation to my client within the time constraints I was facing due to illness and the urgent nature of the habeas corpus petition.

38. I had no intent to mislead the Court or opposing counsel through the submission of fabricated quotations.

## 9. IMPACT ON OPPOSING PARTIES

39. Upon information and belief, no party has claimed actual harm from my incorrect submission.

40. However, I recognize that opposing counsel likely invested additional time attempting to locate and verify the fabricated quotations, for which I sincerely apologize.

## 10. COMMITMENT TO FUTURE COMPLIANCE

41. This incident represents an isolated error in judgment and does not reflect a pattern of misconduct or disregard for court rules.

42. I am committed to strict compliance with Rule 11 of the Federal Rules of Civil Procedure and all applicable ethical standards in any future federal court practice.

43. I have learned from this experience and am committed to ensuring such an error never occurs again.

44. Should I use any technological assistance in legal research in the future, I will implement comprehensive verification procedures and full disclosure as required by applicable rules and orders.

## 11. REQUEST FOR PROPORTIONATE SANCTIONS

45. Should the Court determine that sanctions are warranted, I respectfully submit that my immediate candor, remedial measures, and lack of prior sanctions warrant minimal sanctions focused on deterrence rather than punishment.

46. As primarily a contracted public defender, I would be able to satisfy a modest monetary fine in the range of $500-$1,000 as suggested in my response but frankly, earnestly entreat the Court to impose non-monetary sections.

47. Alternatively, I would be willing to perform 40 hours or an appropriate amount of pro bono representation in immigration or other legal services as a form of sanction.

48. I have already begun the CLE education on AI ethics and would comply with any order requiring completion of additional continuing education hours.

---

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Executed on June 27, 2025, at Springfield, Massachusetts.**

**/s/ Dennis F. Desmarais**
Dennis F. Desmarais

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF on June 27, 2025.

**/s/ Dennis F. Desmarais**
Dennis F. Desmarais